# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **NORMA HANSHAW,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **SHONEY'S OF KNOXVILLE, INC.,** ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Comes the Defendant, Shoney's of Knoxville, Inc. ("Defendant"), by and through counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, and removes this civil action to the United States District Court for the Eastern District of Tennessee, Knoxville Division. The Defendant removes this case on the grounds that the action arises under the laws of the United States, and thus invokes the original jurisdiction of this Court under 28 U.S.C. § 1331. In further support of removal, the Defendant states as follows:

1. On or about January 15, 2016, the Plaintiff commenced this action against the Defendant by filing a Civil Summons in the Court of General Sessions for Knox County, Tennessee (Docket No. 68398H). A true and correct copy of the Civil Summons is attached hereto as **Exhibit 1**.

2. As evidenced by the Civil Summons attached hereto as Exhibit 1, the Defendant was served with the Civil Summons via certified mail, return receipt requested, on or about January 26, 2016. Thus, the Defendant timely removes this action within thirty (30) days of service as required by 28 U.S.C. § 1446(b)(1).

1

3. As set forth in the Civil Summons, the Plaintiff, Norma Hanshaw, has brought this action against the Defendant "for failure to honor contractual obligation to pay pension funds in a lump sum when the total amount is less than $5,000.00."

4. The Plaintiff's claim is one for pension benefits covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*.

5. In *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), the United States Supreme Court ruled that state law actions brought by participants and beneficiaries to recover benefits due to them under the terms of pension plans are completely preempted by 29 U.S.C. § 1144(a) and displaced by the civil enforcement provisions of 29 U.S.C. § 1132(a). As such, such ERISA actions arise under the laws of the United States and are removable to federal courts under 28 U.S.C. § 1441. *Metro. Life Ins. Co.*, 481 U.S. at 67.

6. Because the original jurisdiction of this Court is invoked in this case, this action may be removed to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

7. The United States District Court for the Eastern District of Tennessee, Knoxville Division is the proper venue for removal because it embraces the place where the state court action is pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of General Sessions for Knox County, Tennessee promptly after the filing of this Notice of Removal, and written notice will be served on counsel for the Plaintiff. A true and correct copy of the Notice to State Court of Removal (without attachments) is attached hereto as **Exhibit 2**, and a true and correct copy of the Notice to Adverse Party of Removal (without attachments) is attached hereto as **Exhibit 3**.

**WHEREFORE,** premises considered, the Defendant respectfully requests that this action now pending in the Court of General Sessions for Knox County, Tennessee be removed to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

Respectfully submitted.

KENNERLY, MONTGOMERY & FINLEY, P.C.

By: /s/ Briton S. Collins
William E. Mason (BPR # 001481)
Kathy D. Aslinger (BPR # 019282)
Briton S. Collins (BPR # 030110)
*Counsel for the Defendant*
550 Main Street, Suite 400
Knoxville, Tennessee 37902
(865) 546-7311
wemason@kmfpc.com
kaslinger@kmfpc.com
bcollins@kmfpc.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice of Removal has been served on the following by depositing the same in the U.S. Mail with sufficient postage thereon to carry the same to its destination or by hand delivery:

T. Scott Jones, Esq.
Banks & Jones
2125 Middlebrook Pike
Knoxville, Tennessee 37921
*Counsel for the Plaintiff*

This 10th day of February, 2016.

KENNERLY, MONTGOMERY & FINLEY, P.C.

By: /s/ Briton S. Collins